# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TONY GILMORE**                                                        **PLAINTIFF**

**V.**                                                      **NO. 4:14CV00061-DMB-JMV**

**COMMISSIONER CHRISTOPHER EPPS, ET AL.**                  **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Tony Gilmore, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief can be granted.

### Allegations

On February 17, 2014, Corrections Officer Mary Todd was working in 29-B building, where the plaintiff was housed. She conducted dayroom call for the bottom tier. Afterwards, when passing another inmate on the way back from dayroom call, Gilmore said that he was going to lockdown. Gilmore entered his cell and closed the door behind him. Officer Todd had seen Gilmore out of his cell and thought that he had defeated the lock and broken out. She returned in 20 minutes and served Gilmore with a Rule Violation Report. Gilmore tried to explain that he had not broken out of his cell, but Todd did not believe him. At the disciplinary hearing on the matter, Lt. Hampton found Gilmore guilty based upon the officer's statement. That Rule Violation Report was, however, overturned on appeal and was removed from Gilmore's institutional file.

On March 29, 2014, Officer Todd again said that she saw Gilmore out of his cell and issued a second Rule Violation Report charging him with defeating the lock and breaking out of his cell a

second time. Gilmore was found guilty of the second infraction and was punished with 30 days loss of telephone and canteen privileges.

## *Sandin*

Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 485, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 486. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was loss of 30 days canteen and telephone privileges. Such punishment is clearly "within the expected parameters of the sentence imposed by a court of law," *Sandin*, 515 U.S. at 485, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 486. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief can be granted.

## No Evidence of Retaliation

Prison officials may not retaliate against prisoners for exercising their constitutional rights. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). On the other hand, courts must view such claims with skepticism to keep from getting bogged down in every act of discipline prison officials impose. *Id*. The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citations omitted), *cert. denied*, 516 U.S. 1084 (1996). A prisoner seeking to establish a retaliation claim must also show that the prison official's conduct was sufficiently adverse so that it would be capable of deterring a person of ordinary firmness from exercising his constitutional rights in the future. *Winding v. Grimes*, No. 4:08CV99, 2010 WL 706515, at *3 (S.D. Miss. Feb. 22, 2010) (citing *Morris*, 449 at 684–85). A single incident involving a minor sanction is insufficient to prove retaliation. *Davis v. Kelly*, No. 2:10CV271, 2012 WL 3544865, at *4 (S.D. Miss. July 18, 2012). Similarly, inconsequential (*de minimis*) acts by prison officials do not give rise to an actionable retaliation claim. *See Morris*, 449 F.3d at 685.

In this case, Gilmore must prove that he engaged in constitutionally protected activity (seeking redress for grievances), faced significant adverse consequences (loss of privileges for 30 days), and that such action was taken "in an effort to chill [his] access to [a grievance process] or to punish [him] for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir. 1994), *cert. denied*, 513 U.S. 926 (1994); *see also Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1114 (5th Cir. 1987). The showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). In his complaint,

Gilmore alleges only his personal belief that Officer Todd retaliated against him, and such allegations are insufficient to state a claim for retaliation. This claim must therefore be dismissed for failure to state a claim upon which relief can be granted.

In sum, all of the plaintiff's allegations are without merit, and the instant case will be dismissed for failure to state a claim upon which relief can be granted.

SO ORDERED, this, the 29th day of May, 2014.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**